**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1318
_____

ROSE M. JACQUES,
                              Appellant

v.

CHASE BANK USA, N.A.; SETERUS, INC.;
FEDERAL NATIONAL MORTGAGE ASSOCIATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:15-cv-00548)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before:  FISHER, VANASKIE and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rose Jacques appeals pro se from an order of the District Court dismissing her amended complaint. For the reasons that follow, we will affirm the District Court's judgment.

Jacques brought a civil against the defendants in the District Court on June 26, 2015. Jacques' second amended complaint raised Fair Debt Collections Practices Act ("FDCPA") and identity theft claims against defendants Chase Bank, Seterus, and Fannie Mae; and Truth in Lending Act ("TILA") claims against defendants Chase Bank and Fannie Mae. The alleged harms arose out of a mortgage foreclosure action that Chase Bank had brought against Jacques, and communications that Jacques received from the defendants related to Jacques' mortgage and the foreclosure efforts. After the parties briefed the defendants' motions to dismiss the second amended complaint, the District Court granted those motions and dismissed the case with prejudice.

We have jurisdiction to review the District Court's order dismissing Jacques' complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). We construe Jacques' pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must

2

be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We will affirm. First, we agree with the District Court that Jacques may not seek to re-litigate matters that her foreclosure case has already resolved, due to the operation of the Rooker-Feldman doctrine, Younger abstention, and res judicata. The state foreclosure case concluded in May 2012, with the Delaware Supreme Court affirming the judgment against Jacques. See Jacques v. Chase Bank USA, N.A., 44 A.3d 922 (Table), 2012 WL 1623393 (Del. May 8, 2012). In its opinion, the Delaware Supreme Court held that "[t]he evidence presented at trial demonstrates that Chase is the valid holder of the Mortgage and Note on the Property, that Jacques executed both documents, that Jacques defaulted on her obligation to Chase and that Jacques owes the amount of the judgment." Id. at *2. The Delaware Supreme Court also held that there "was no evidence presented at the trial supporting Jacques' claims of fraud on the part of Chase." Id. Those aspects of Jacques' complaint that take issue with the foreclosure action itself were properly dismissed.

We also agree with the District Court that Jacques' complaint does not state a claim upon which relief could be granted for any of the defendants' alleged actions or omissions that were separate from the foreclosure action. First, as the District Court

3

correctly explained, Jacques' FDCPA and TILA claims are time-barred. The face of Jacques' complaint shows that she is not entitled to relief, as the facts as alleged show that she filed her federal suit after the one-year statutes of limitations had expired for an action brought under either act. Nor has Jacques' set out any basis for equitable tolling of the deadline to sue under either act.

Second, the District Court did not err in concluding that no federal civil action for "identity theft" exists that could apply to the facts of Jacques' case, and that the so-called acts of "identify theft" that she alleged do not satisfy the elements of any other federal statute with a private right of action. And to the extent Jacques' "identify theft" claim could be read as invoking state law, it was appropriate for the District Court to decline to exercise supplemental jurisdiction over it. See 28 U.S.C. § 1367(c).

Finally, we are satisfied that any further amendment to the complaint—which Jacques did not request—would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Consequently, we will affirm the District Court's judgment dismissing Jacques' case with prejudice.

4